# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JEFF MINER, | |
| Plaintiff(s), | Case No. 2:17-cv-02845-GMN-NJK |
| v. | REPORT AND RECOMMENDATION |
| SANFORD GEWURZ, | |
| Defendant(s). | |

On November 13, 2017, Defendant removed this case from Clark County Justice Court. Defendant did not attach the complaint or any other pleadings to his removal papers, in violation of 28 U.S.C. § 1446(a) (removal petition must provide "a copy of all process, pleadings, and orders served" in the underlying action). Moreover, and more fundamentally, the removal papers failed to establish that this Court has subject matter jurisdiction over this case. As a result, the Court issued an order for Defendant to file copies of the documents filed in state court and to show cause why this case should not be remanded for lack of subject matter jurisdiction. Docket No. 7.[1] The Court warned that the "**failure to respond to this order will result in the recommendation that this action be remanded.**" *Id.* The deadline to respond expired on January 18, 2018, and no response was filed.

The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, which is an issue it can raise at any time. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts

---

[1] The Court also issued an order to show cause regarding Defendant's failure to keep his address current. Docket No. 8. The Court need not analyze that issue given the recommendation for remand.

of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). That burden is particularly stringent for a removing defendant given that the removal statute is to be "strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Corral v. Select Portfolio Serv'g, Inc.*, 878 F.3d 770, 773-74 (9th Cir. 2017) (quoting *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009)). Indeed, there is a "strong presumption" against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

It appears that this case involves a landlord-tenant dispute. Docket No. 1 at 2. No showing has been made that this Court has subject matter jurisdiction over that dispute.

Accordingly, the undersigned **RECOMMENDS** that this case be **REMANDED** to the Clark County Justice Court.

DATED: January 24, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).